IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TITAN GLOBAL HOLDINGS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:08-CV-0085-N |
| | § | |
| URI M. EVAN and | § | |
| DANIEL BERGMAN, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This Order addresses Defendant Daniel Bergman's motion to dismiss for lack of personal jurisdiction [11], Defendant Uri M. Evan's motion to dismiss for lack of personal jurisdiction, lack of proper venue, and insufficient service of process, and to quash service of process [26], and Evan's motion to set aside default judgment [28]. Because Bergman lacks sufficient contacts with Texas for this Court to exercise personal jurisdiction over him, the Court grants his motion.[1]  Because Plaintiff did not effect valid service of process on Evan, the Court grants Evan's motion to dismiss without prejudice.[2]

### I. BACKGROUND

Plaintiff Titan Global Holdings, Inc. ("Titan") is a Utah corporation with its principal place of business in Richardson, Texas.  Bergman and Evan are both New York residents,

---

[1]The Court grants Plaintiff's unopposed motion to enlarge the page limitation for Plaintiff's reply to Bergman's motion to dismiss [21] and has fully considered that reply.

[2]In light of this Order, the Court denies as moot Evan's unopposed motion to stay Plaintiff's fraudulent transfer claim [38].

ORDER – PAGE 1

who were formerly employed as Vice Chairman and Chairman/Chief Executive Officer, respectively, of USA Detergents, Inc. ("USAD"), a Delaware corporation with corporate offices in New Jersey, where Defendants worked.

This case arises out of a Stock Purchase Agreement (the "Agreement") Titan entered into with USAD, USAD Metro Holdings, LLC, and Evan. Under the Agreement, Titan acquired 80% of USAD's stock. Titan alleges that after it completed this purchase, it learned that Bergman and Evan had fraudulently created false invoices with the intent of inflating USAD's value and inducing Titan to enter the Agreement, which it otherwise would not have entered on the terms it did. As a result, Titan is suing Defendants for fraud, negligent misrepresentation, and unjust enrichment and additionally suing Evan for breach of contract.

## II. STANDARDS FOR EXERCISE OF PERSONAL JURISDICTION

The legal standards for exercise of personal jurisdiction are well-known:

> When, as here, the district court did not conduct an evidentiary hearing on defendant's motion to dismiss, the party seeking to assert jurisdiction is required only to present sufficient facts to make out a *prima facie* case supporting jurisdiction. [*Alpine View Co. v. Atlas Copco A.B.*, 205 F.3d 208, 214 (5th Cir. 2000)] (citing cases). The court shall accept as true that party's uncontroverted allegations (so long as the allegations are not merely conclusory) and resolve all factual conflicts in favor of the party seeking to invoke the court's jurisdiction. *Id.* (citing cases).
>
> In a diversity action, a federal court may exercise personal jurisdiction over a defendant only to the extent permitted by the applicable law of the forum state. *See* FED. R. CIV. P. 4(e)(1), (h)(1), and (k)(1). In this case, it is well-established that the Texas long-arm statute authorizes the exercise of personal jurisdiction to the full extent allowed by the Due Process Clause of the Fourteenth Amendment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.042 (West 1997); *Alpine View*, 205 F.3d at 214; *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990).

> The Due Process Clause of the Fourteenth Amendment protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful "contacts, ties, or relations." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945). Exercising personal jurisdiction over a nonresident defendant is consistent with constitutional due process when "(1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999) (quoting *Int'l Shoe Co.*, 326 U.S. at 316 (1945)). "'Minimum contacts' can be established either through contacts sufficient to assert specific jurisdiction, or contacts sufficient to assert general jurisdiction." *Id.*; *Alpine View*, 205 F.3d at 215. When a nonresident defendant has "purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities," the defendant's contacts are sufficient to support the exercise of specific jurisdiction over that defendant. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotation marks omitted). General jurisdiction may be asserted when a defendant's contacts with the forum state are substantial and "continuous and systematic" but unrelated to the instant cause of action. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984).

*Cent. Freight Lines, Inc. v. APA Transp. Corp.*, 322 F.3d 376, 380–81 (5th Cir. 2003).

### III. TITAN FAILED TO ALLEGE CONTACTS SUFFICIENT TO EXERCISE JURISDICTION OVER BERGMAN

Titan has only asserted that specific jurisdiction, and not general jurisdiction, exists with respect to Bergman. However, the Court cannot assert specific jurisdiction over Bergman because he lacks minimum contacts with Texas.

When a nonresident defendant commits an act outside a state that has consequences or effects within that state, that act may establish sufficient minimum contacts and therefore the basis for specific jurisdiction "if the effects are seriously harmful and were intended or highly likely to follow from the nonresident's conduct." *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 628 (5th Cir. 1999). Citing *Guidry*, Titan argues that Bergman established

ORDER – PAGE 3

minimum contacts with Texas by purposefully undertaking fraudulent actions, namely creating false invoices, with the knowledge that Titan would feel the effects of those actions at its principal place of business, in Texas. This argument does not establish a prima facie case that Bergman knowingly or intentionally created a high probability of causing significant harm in Texas. The mere fact that a plaintiff's principal place of business is located in Texas and the plaintiff had some interactions with a nonresident defendant does not establish specific jurisdiction in Texas over the defendant who did not purposefully avail himself of the state's benefits and protections. *See Southmark Corp. v. Life Investors, Inc.*, 851 F.2d 763, 773 (5th Cir. 1988) (characterizing fact that plaintiff was a Texas resident for jurisdictional purposes as "a mere fortuity" that was unrelated to whether defendant aimed its activities at Texas and insufficient to establish minimum contacts).

Titan does not allege that Bergman directed any acts or communications with Titan toward Texas. Bergman is a New York resident who, at all times relevant to this action, worked in New Jersey, where he undertook any actions giving rise to Titan's claims. Although Titan correctly points out that a mere telephone call to or meeting in Texas is sometimes enough to establish specific jurisdiction over a nonresident defendant, Titan does not provide a single example of such contact between Bergman and Texas, much less demonstrate that the overall quality of Bergman's communications with Titan established minimum contacts with Texas. *See Seghers v. El Bizri*, 513 F. Supp. 2d 694, 702 (N.D. Tex. 2007) ("'[W]hether the minimum contacts are sufficient to justify subjection of the non-resident to suit in the forum is determined . . . under the particular facts upon the quality and

nature of the activity with relation to the forum state.'") (quoting *Miss. Interstate Express, Inc. v. Transpo, Inc.*, 681 F.2d 1003, 1006 (5th Cir. 1982)).  The fact that Titan's principal place of business is in Texas is a mere fortuity.  Bergman's actions and communications with Titan in New Jersey do not establish specific jurisdiction in Texas.  *See Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986) (reiterating that "merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction" and that even "communications to Texas rest[ing] on nothing but 'the mere fortuity that [plaintiff] happens to be a resident of the forum'" are insufficient to support specific jurisdiction).  Furthermore, although the Agreement that led to this action contains a forum selection clause, Bergman was not a party to that Agreement and has not otherwise acquiesced to the jurisdiction of this Court.  Ultimately, Titan has failed to allege facts demonstrating contacts sufficient to exercise specific jurisdiction over Bergman.  As a result, this Court grants Bergman's motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

### IV. EVAN HAS CONSENTED TO JURISDICTION AND VENUE IN THIS COURT

Unlike Bergman, Evan is a party to the Agreement underlying this action.  By signing the Agreement, Evan consented to subject himself to this Court's jurisdiction and venue. Personal jurisdiction is a waivable right.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n.14 (1985); *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702–03 & n.10 (1982).  A litigant who is party to a contract containing a forum selection clause submits to jurisdiction and venue in that forum so long as the clause is not

unreasonable under the circumstances and was not the product of fraud or overreaching. *Int'l Software Sys., Inc. v. Amplicon, Inc.*, 77 F.3d 112, 114–15 (5th Cir. 1996) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 9–11 (1972)); *see also Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 589, 596 (1991) (holding suit was improper in venue other than agreed to in forum selection clause); *Nat'l Equip. Rental Ltd. v. Szukhent*, 375 U.S. 311, 316 (1963) ("[P]arties to a contract may agree in advance to submit to the jurisdiction of a given court."). Additionally, the party resisting enforcement of a forum selection clause "bears 'a heavy burden of proof'" to overcome a presumption that it is reasonable and enforceable. *Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997) (quoting *Bremen*, 375 U.S. at 17). In Section 10.6 of the Agreement, Evan agreed to:

> irrevocably submit to the non-exclusive jurisdiction of any federal or state court located within the state of Texas over any dispute arising out of or relating to this Agreement or any of the transactions contemplated hereby and each party hereby irrevocably agrees that all claims in respect of such dispute or any suit . . . may be heard and determined in such courts. The parties hereby irrevocably waive . . . any objection . . . to the laying of venue of any such dispute brought in such court or any defense of inconvenient forum.

Titan's breach of contract claim against Evan clearly arises out of the Agreement. The crux of Titan's other claims against Evan is that his fraudulent and negligent actions induced Titan to enter the Agreement. As a result, the Court finds that those claims also relate to the Agreement. Evan does not allege that the forum selection clause is not reasonable or enforceable. He certainly does not meet his burden to overcome the presumption that it is. As a result, the Agreement's forum selection clause controls and provides this Court personal jurisdiction and venue with respect to each of Titan's claims against Evan. As a result, the

ORDER – PAGE 6

Court denies Evan's motion to dismiss for lack of personal jurisdiction and improper venue under Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure.

## V. TITAN DID NOT EFFECT VALID SERVICE OF PROCESS ON EVAN

### A. Motion to Dismiss for Insufficient Service of Process

Evan also moves to dismiss for insufficient service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure on the ground that Titan did not properly serve him with process in accordance with Rule 4(e). Because Titan did not effect valid service of process on Evan, the Court grants this motion. A federal court lacks personal jurisdiction over a defendant unless the defendant has received service of process in accordance with Rule 4. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350–51 (1999) (explaining that service of process is prerequisite to a court's exercise of jurisdiction); *Pavlov v. Parsons*, 574 F. Supp. 393, 399 (S.D. Tex. 1983) (noting that proper service of process required compliance with one of the methods described in Rule 4). The plaintiff is responsible for properly serving all defendants with a summons and a copy of the complaint. FED. R. CIV. P. 4(c)(1). Rule 4(e) describes the available methods of serving an individual defendant. FED. R. CIV. P. 4(e). Titan attempted to serve Evan with process according to Rule 4(e)(2)(B) by "leaving a copy of [the summons and the complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." FED. R. CIV. P. 4(e)(2)(B). Evan eventually received actual notice of this action, but Titan left the documents with a nonresident doorman at Evan's apartment and not with a person who resided in the apartment building or complex.

Both parties heavily rely on the same Fifth Circuit case, *Nowell v. Nowell*, 384 F.2d 951 (5th Cir. 1967), to support their contentions regarding the validity of service of process in this case under Rule 4(e)(2)(B).[3] In *Nowell*, the court held that the plaintiff effected valid service of process on the defendant by leaving the documents with defendant's apartment manager, who resided in one of the two buildings in defendant's apartment complex. *Id.* at 952. In addition to reasoning that the Rule contemplated the manager because of her status as a resident, the *Nowell* court also indicated that her landlord-tenant relationship with the defendant supported its determination that the service effectuated the policy behind Rule 4 – to ensure notice of suit. *Id.* at 953. Unlike the defendant in *Nowell*, Evan has presented evidence that the doorman with whom Titan left service of process was neither a resident of Evan's apartment building or complex nor in a landlord-tenant relationship with Evan. Courts should construe Rule 4 liberally when a defendant received actual notice of the suit, as Evan did. *Id.* (citing *Frasca v. Eubank*, 24 F.R.D. 268, 270 (E.D. Pa. 1959)). However, construction of the Rule must be natural and not artificial. *Id.* This Court declines to extend the Fifth Circuit's interpretation of Rule 4(e)(2)(B) to encompass service on a nonresident doorman because such a construction would not comport with a natural reading of Rule 4. Titan did not effect valid service of process on Evan according to the plain language and a

---

[3]Each party also argues that the weight of authority from other jurisdictions supports its position. Evan's application of these cases to the validity of service in this case is persuasive. *See generally Smith v. Kincaid*, 249 F.2d 243, 245 (6th Cir. 1957) (finding service on landlady at defendant's apartment sufficient, but noting the parties did not contend that landlady was not also a resident); *Joseph v. Friedman*, No. 87-0853, 1988 WL 28372, at *1 (D.D.C. 1988) (concluding service on apartment manager who resided in defendant's building was sufficient).

natural reading of Rule 4(e)(2)(B). Accordingly, the Court grants Evan's motion to dismiss for insufficient service of process.[4]

### *B. Motion to Set Aside Entry of Default*

Because Titan did not properly effect service of process on Evan, the Court must set aside the clerk of court's entry of default as a matter of law. For a court to exercise personal jurisdiction over a defendant, the defendant must have received valid service of process. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) (affirming dismissal due to inability to serve process and explaining that proper service requires amenability to service in addition to actual notice). Absent valid service of process, proceedings against a party are void and a judgment against the party is invalid. *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). Titan did not properly effect service of process on Evan. As a result, the Court lacked jurisdiction to make entry of default against Evan.

### CONCLUSION

Titan has failed to show that Bergman purposefully established minimum contacts in Texas. Accordingly, this Court lacks personal jurisdiction over Bergman. His motion to dismiss for lack for personal jurisdiction under Rule 12(b)(2) is therefore granted. Evan consented to this Court's jurisdiction and venue. Accordingly, this Court has personal jurisdiction over Evan and is a proper venue to hear Titan's claims. The Court therefore denies his motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) and

---

[4]As a result, Evan's alternative motion to quash service of process is moot.

ORDER – PAGE 9

improper venue under Rule 12(b)(3). However, Titan failed to effect valid service of process on Evan. Accordingly, the Court grants his motion to dismiss for insufficient service of process under Rule 12(b)(5) and grants his motion to set aside entry of default. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the Court grants Titan ninety (90) days from the date of this Order to effect service on Evan.

Signed October 30, 2008.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 10